E-FILED
Monday, 03 November, 2008  04:32:29 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RUSSELL COURTER, <br><br>　　　　Plaintiff,<br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>　　　　Defendant. | Case No. 07-4031 |

## ORDER

This matter comes before the Court on Plaintiff's Motion for an Award of Attorney's Fees and Costs pursuant to the Equal Access to Justice Act ("EAJA"). For the reasons set forth below, Plaintiff's Motion [#16] is DENIED.

## BACKGROUND

Plaintiff Russell Courter applied for a period of disability and disability insurance benefits on September 10, 2004, alleging disability due to back and leg pain. The Social Security Administration ("SSA") denied his application initially and upon reconsideration. Subsequently, Courter requested review by an Administrative Law Judge ("ALJ"). The ALJ issued a written decision on January 24, 2007, finding that Courter was not disabled. Courter filed a Request for Review of the ALJ's decision with the SSA Appeals Council. The ALJ's decision became the final decision of the Commissioner after the SSA Appeals Council denied Courter's Request for Review. Courter then requested judicial review of

the ALJ's decision and filed a Motion for Summary Judgment in this Court seeking the reversal of the Commissioner's decision.

Courter argued that the ALJ erred by failing to ask the Vocational Expert ("VE") whether there were any conflicts between his testimony and the Dictionary of Occupational Titles ("DOT").  Specifically, Courter alleged that the VE's testimony of jobs that Courter could perform (table operator helper, machine stacker, and conveyor feeder) conflicted with the ALJ's Residual Functional Capacity ("RFC") because each of these jobs, as defined in the DOT, required certain physical abilities that he was unable to perform given his limited RFC. The Commissioner responded that the ALJ's error in failing to ask whether any conflicts existed was harmless because the VE's testimony was consistent with the DOT.

On July 25, 2008, this Court issued an Order and Judgment remanding the action, pursuant to sentence four of 42 U.S.C. § 405(g).  This Court remanded the action so that the Commissioner could conduct further proceedings to determine whether the VE's testimony was consistent with the DOT and Courter's RFC limitation.  The Court noted that it was not clear whether the DOT's description was, in fact, consistent with Courter's RFC and hypothetical limitation and that it was not the Court's function to make such determination.

On September 24, 2008, Courter filed a timely fee petition seeking $3,174.63, pursuant to the EAJA, arguing that he is entitled to his reasonable attorney's fees for the successful prosecution of his case.

2

## DISCUSSION

EAJA permits an eligible prevailing party to recover "fees and other expenses incurred by that party in connection with" a proceeding before an administrative agency. 5 U.S.C. § 504(a)(1). The Supreme Court summarized the requirements for a fee application as follows:

> [E]ligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990).

Neither party disputes that Courter is the prevailing party or that he filed a timely fee petition. Further, no special circumstances were alleged. Therefore, the Court will address whether the government's position was substantially justified.

**Substantial Justification**

A Commissioner's position is substantially justified if his conduct has a reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct. *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004) (internal citations omitted). The Commissioner bears the burden of proving that his position was substantially justified. *Id.* EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position is not substantially justified. *Id.* A decision by an ALJ constitutes part of the agency's pre-litigation conduct. *Id.* (internal citation omitted). The district court is to make only one determination for the entire civil action. *Id.*

3

The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. *Id.* (internal citation omitted). The government must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Id.* The substantial justification standard is not equivalent to the "substantial evidence" standard used to evaluate an ALJ's decision on the merits of a disability claim. *U.S. v. Hallmark Const. Co,* 200 F.3d 1076, 1080 (7th Cir. 2000). Accordingly, a finding that the case should be remanded because the Commissioner's position was not supported by substantial evidence is not conclusive evidence that fees should be awarded under the EAJA. *Id.* at 1079-80.

Here, the Commissioner asks the Court to find that his position was substantially justified. The Commissioner argues that the ALJ's denial of Courter's disability had a reasonable basis in law and fact throughout the administrative and legal process. Further, citing *Coleman v. Astrue,* the Commissioner states that the failure to inquire about possible conflicts in testimony is harmless error. No. 07-1729, 2008 WL 695045, at *5 (7th Cir. Mar. 14, 2008).

The Court finds that the Commissioner meets his burden of proving that his position was substantially justified. While the Court remanded the action, it did not rule out the possibility that the Vocational Expert's ("VE") testimony was consistent with the Dictionary of Occupational Titles ("DOT") (thereby showing harmless error). Therefore, although the Court remanded the action to determine

4

whether there was a conflict in testimony, the Court concludes that Courter is not entitled to his attorney's fees because the Commissioner's position was substantially justified.

## CONCLUSION

For the reasons set forth above, Courter's Motion [#16] is DENIED.

ENTERED this 3rd day of November, 2008.

/s Michael M. Mihm
Michael M. Mihm
United States District Judge